FILED
2026 Mar-31 PM 02:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION**

| | |
|---|---|
| **GARRICK GARDNER,** | ) |
| | ) |
| **Plaintiff,** | ) **Case No. 5:26-cv-00521-HNJ** |
| | ) |
| **v.** | ) |
| | ) |
| **SOUTHERN PRECISION STAFFING,** | ) |
| **INC, BRASFIELD GORRIE, LLC,** | ) |
| **COMFORT SYSTEMS USA (MID** | ) |
| **SOUTH), INC., and** | ) |
| **FICTITIOUS DEFENDANTS A-Z,** | ) |
| | ) |
| **Defendants.** | ) |

## MOTION TO SEVER AND REMAND PLAINTIFF'S WORKERS' COMPENSATION CLAIM TO THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

**COMES NOW**, the Plaintiff, Garrick Gardner, and pursuant to 28 U.S.C. §§ 1441(c)(2) and 1445(c), files this Motion to Sever and Remand his Workers' Compensation Claim to the Circuit Court of Madison County, Alabama. In support thereof, Plaintiff states as follows:

1.     On February 26, 2024, plaintiff was injured while working on the construction of the new federal courthouse in Huntsville, Alabama.

2.     On January 22, 2025, Plaintiff filed a Complaint in the Circuit Court of Madison County, Alabama seeking workers compensation benefits from Southern Precision Staffing, Inc. The case was styled *Garrick Gardner v. Southern Precision*

*Staffing, Inc., and Fictitious Parties A-Z, Case No. 47-CV-2025-900129.* A copy of the Complaint is attached hereto as Exhibit 1.

3.    On February 23, 2026, Plaintiff filed an amended complaint asserting a claim for workers' compensation benefits against Southern Precision Staffing, Inc., and tort claims against Brasfield & Gorrie, LLC and Comfort Systems USA (Mid South), Inc.  A copy of the Amended Complaint is attached hereto as Exhibit 2.

4.    On March 27, 2026, Defendant Brasfield & Gorrie, LLC ("B&G") filed a Notice of Removal. (Doc. 1).

5.    B&G contends that removal of the case to the United States District Court for the Northern District of Alabama is proper pursuant to 28 U.S.C. §§ 1331, 1441, and 1442. (Doc. 1).

6.    Plaintiff asserts that removal of his workers' compensation claim is improper.

7.    "A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445 (c).

8.    Under 28 U.S.C. 1441(c)(2), a federal district court must sever and remand nonremovable claims to the state court from which the action was removed.[1]

---

[1] 28 U.S.C. § 1441(c) states:
(c) Joinder of Federal law claims and State law claims.
    (1) If a civil action includes—

9.    Removal of plaintiff's claim for workers' compensation benefits to a federal district court is prohibited and said claim should be remanded to the Circuit Court of Madison County, Alabama.

10.    Based on the foregoing, Plaintiff respectfully requests that this Honorable Court enter an order severing his workers' compensation claim from the tort claims asserted against Brasfield & Gorrie, LLC and Comfort Systems USA (Mid South), Inc., and remand the workers' compensation claim to the Circuit Court of Madison County, Alabama for further adjudication.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully requests that this Honorable Court enter an order severing his workers' compensation claim and remanding said claim to the Circuit Court of Madison County, Alabama.

---

(A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title [28 USCS § 1331]), and

(B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).

(2) Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).

3

Respectfully submitted,

J. Zach Higgs, Jr.
Higgs & Emerson
405 Franklin St.
Huntsville, AL 35801
(256)533-3251(phone)
(256)533-3265(fax)
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 31st day of March 2026, I have filed the foregoing with the Clerk of Court using the CM/ECF System. I further certify that a true and correct copy of this Motion has been served on the following counsel and parties via notification from the CM/ECF System and/or U.S. Postal Service:

Shawn Junkins Cole
HILL, HILL, CARTER, FRANCO,
COLE & BLACK, P.C.
P.O. Box 116
Montgomery, AL 36101-0116
Attorney for Defendant Southern Precision Staffing, Inc.

Andrew B. Johnson
Thomas R. Andersen
BRADLEY ARANT BOULT CUMMINGS LLP
1819 Fifth Avenue North
Birmingham, AL 35203
Attorneys for Defendant Brasfield & Gorrie, LLC

Comfort Systems USA (Mid South), Inc.
c/o Corporation Service Company Inc
641 South Lawrence Street
Montgomery, AL 36104

_____
OF COUNSEL