FILED
ELECTRONICALLY FILED
2/23/2026 2:17 PM
47-CV-2025-900129.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

2026 Mar-31  PM 02:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

| | | |
|---|---|---|
| GARRICK GARDNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO.: 47-CV-2025-900129 |
| | ) | |
| SOUTHERN PRECISION STAFFING, | ) | |
| INC., BRASFIELD GORRIE, LLC, | ) | |
| COMFORT SYSTEMS USA | ) | |
| (MID SOUTH), INC.; and | ) | |

Fictitious Defendants A-C, whether singular or plural, refers to the individuals/entities responsible for maintaining the premises located at 660 Gallatin Street, SW, Huntsville, Alabama 35801.

Fictitious Defendants D-F refers to the person, firm, corporation, or entity which controlled or had the right to control the access or egress to the premises involved in the occurrence made the basis of this lawsuit at the time of the occurrence.

Fictitious Defendants G-J refers to the person, firm, corporation, or entity who planned, designed or constructed the site/premises involved in the occurrence made the basis of this lawsuit.

Fictitious Defendants K-M refers to the person, firm, corporation, or entity which conducted safety inspections at or with reference to the site involved in the occurrence made the basis of this lawsuit prior to the date of said occurrence.

Fictitious Defendants N-P refers to the person, firm, corporation, or entity who created the dangerous condition that existed on the date of the accident.

Fictitious Defendants Q-S refers to the person, firm, corporation, or entity who failed to warn the Plaintiff of the dangerous condition existing at the time of the accident made the basis of this lawsuit.

Fictitious Defendants T-V refers to the person, firm, corporation, or entity who employed and/or supervised fictitious defendants N-P and/or Q-S.

Fictitious Defendants W-Z refers to the person, firm, corporation, or entity who negligently or wantonly caused injury to the plaintiff.



**Defendants.**

## AMENDED COMPLAINT

COMES NOW the Plaintiff, Garrick Gardner, and files this Amended Complaint against the above-named Defendants as follows:

1.    Plaintiff Garrick Gardner is a legal resident of the State of Alabama and over the age of nineteen (19) years.

2.    Defendant Southern Precision Staffing, Inc., ("Southern Precision") is a domestic corporation formed in Jefferson County, Alabama. Defendant regularly conducts business and employs workers within this judicial district. At all times material to this action,  Southern Precision employees were assigned to work on the construction of the new federal courthouse in Huntsville, Alabama.

3.    Defendant Brasfield & Gorrie, LLC ("B&G"), is a foreign limited liability company formed in Delaware. Defendant regularly conducts business within this judicial district.  In or around 2024, B&G served as the general contractor for the construction of a new federal courthouse in Huntsville located at 660 Gallatin Street, SW, Huntsville, Alabama 35801.

4.    Defendant Comfort Systems USA (Mid South), Inc. ("Comfort Systems"), is a domestic corporation formed in Montgomery County, Alabama.  Defendant regularly conducts business within this judicial district.  In or around 2024, Comfort Systems was a subcontractor who performed work during construction of the new federal courthouse located at 660 Gallatin Street, SW, Huntsville, Alabama 35801.

5.    Fictitious Defendants A-C, whether singular or plural, refers to the individuals/entities responsible for maintaining the premises located at 660 Gallatin Street, SW, Huntsville, Alabama 35801.

2

6.     Fictitious Defendants D-F refers to the person, firm, corporation, or entity which controlled or had the right to control the access or egress to the premises involved in the occurrence made the basis of this lawsuit at the time of the occurrence.

7.     Fictitious Defendants G-J refers to the person, firm, corporation, or entity who planned, designed or constructed the site/premises involved in the occurrence made the basis of this lawsuit.

8.     Fictitious Defendants K-M refers to the person, firm, corporation, or entity which conducted safety inspections at or with reference to the site involved in the occurrence made the basis of this lawsuit prior to the date of said occurrence.

9.     Fictitious Defendants N-P refers to the person, firm, corporation, or entity who created the dangerous condition that existed on the date of the accident.

10.     Fictitious Defendants Q-S refers to the person, firm, corporation, or entity who failed to warn the Plaintiff of the dangerous condition existing at the time of the accident made the basis of this lawsuit.

11.     Fictitious Defendants T-V refers to the person, firm, corporation, or entity who employed and/or supervised fictitious defendants N-P and/or Q-S.
Fictitious Defendants W-Z refers to the person, firm, corporation, or entity who negligently or wantonly caused injury to the plaintiff.

12.     In or around 2021, B&G was selected as the general contractor for the construction of a new federal courthouse in Huntsville, Alabama. Construction was slated to begin in the Spring of 2022.

13.     As the general contractor, B&G was to provide oversight on the construction project to ensure, among other things, quality workmanship, that construction workers were

provided a safe place to work, and that the project was completed in accordance with all applicable federal, state, and local laws, regulations, codes or directives.

14. Comfort Systems was a subcontractor hired by B&G to perform a variety of tasks during the construction project, including, but not limited to HVAC, mechanical, electrical, and plumbing work.

15. Southern Precision assigned employees to work on the construction project with B&G and Comfort Systems.

16. During the construction project, B&G and Comfort Systems were responsible for maintaining the premises located at 660 Gallatin Street, SW, Huntsville, Alabama 35801.

17. As of February 2024, the construction project was still ongoing.

18. At all times material to this action, plaintiff was an employee of Defendant Southern Precision Staffing, Inc.

19. On February 26, 2024, plaintiff was assigned to work as a pipefitter during the construction project at the new Federal Courthouse located in Huntsville, Alabama.

20. On February 26, 2024, plaintiff was working to install pipe/plumbing systems in the federal courthouse in areas controlled by Comfort Systems and/or B&G.

21. During the construction project, B&G and Comfort Systems performed work in a negligent, wanton, and defective manner.

22. B&G and Comfort Systems created a dangerous condition on the premises of the new courthouse.

23. B&G and Comfort Systems failed to erect any signs warning of the presence of hazards and/or dangerous conditions.

24. As a result of B&G and Comfort Systems' conduct there was an electrical

4

distribution cord laying across the ground in the stairwell, creating a trip and fall hazard.

25.    There was no sign or warning that the electrical cord was laying and/or stretched across the ground on the stairwell.

26.    On February 26, 2024, while working in the line and scope of his employment with Southern Precision, Plaintiff suffered severe injuries to his lower back, left hand, and left elbow which arose out of and during the course of his employment. Specifically, plaintiff was on the top floor of the building coming down the stairs to get additional equipment when he tripped over an electrical distribution cord and fell down approximately four stairs. Plaintiff attempted to break his fall by holding onto the handrail but instead his body was flipped around, and he landed on his back.

27.    B&G and Comfort Systems negligently and/or wantonly performed their duties causing plaintiff to suffer severe personal injuries.

28.    The accident was the proximate result of B&G and Comfort Systems' careless and negligent conduct which includes among other things:

a)  Failing to properly maintain and keep the stairway and/or common areas to furnish Plaintiff with reasonable and safe entry into the stairwell free from hazards which were recognized or should have been recognized by the Defendants, which would or would likely cause serious physical injury to the Plaintiff and others;

b)  Failing to maintain the common areas including the stairway to ensure that Plaintiff would not be caused to slip and fall as a result of construction equipment left and/or placed in the stairway, which the location of said items were known or should have been known by the Defendants;

5

c) Failing to properly inspect the common areas including the stairway which would have identified the presence of slip and fall hazards;

d) Failing to warn the Plaintiff of the presence of dangerous conditions that were known or should have been known by the Defendants;

e) Failure by the Defendants to maintain the premises in a good and reasonably safe condition for the Plaintiff and others;

f) Failing to exercise the degree of care necessary under the facts known to the Defendants at the time of the accident made the basis of Plaintiff's claim.

29.    Plaintiff further avers that the aforesaid injuries and damages were proximately caused by the following culpable acts of the fictitious defendants (whose names are unknown to the Plaintiff at this time but will be added by amendment when ascertained), both separately and severally:

a) Failing to properly maintain and keep the stairway and/or common areas to furnish Plaintiff with reasonable and safe entry into the stairwell free from hazards which were recognized or should have been recognized by the Defendants, which would or would likely cause serious physical injury to the Plaintiff and others;

b) Failing to maintain the common areas including the stairway to ensure that Plaintiff would not be caused to slip and fall as a result of construction equipment left and/or placed in the stairway, which the location of said items were known or should have been known by the Defendants;

c) Failing to properly inspect the common areas including the stairway which would have identified the presence of slip and fall hazards;

d) Failure by the Defendants to maintain the premises in a good and reasonably safe condition for the Plaintiff and others;

e) Failing to warn the Plaintiff of the presence of dangerous conditions that were known or should have been known by the Defendants

a) Failing to exercise the degree of care necessary under the facts known to the Defendants at the time of the accident made the basis of Plaintiff's claim.

30.     Plaintiff avers that on the occasion complained of herein, the negligence and wantonness of all defendants (including those Defendants designated as fictitious parties who names are unknown to the Plaintiff at this time but will be added by amendment when ascertained) combined and concurred, and as a proximate consequence of said combined and concurrent negligence or wantonness of the Defendants, the Plaintiff suffered severe personal injuries.

31.     As a direct and proximate cause of the slip and fall incident described herein, the Plaintiff suffered the following damages:

a) Medical and hospital bills;

b) Mental pain and anguish, past and future;

c) Permanent impairment, past and future;

d) Lost wages, past and future; and

e) Loss of life's pleasures.

32.     As a result of the accident, plaintiff is entitled to benefits pursuant to the Alabama Workers' Compensation Act.

33.     Plaintiff is seeking damages from Defendants as set out herein.

## COUNT I – WORKERS' COMPENSATION

34.     Plaintiff adopts each and every material allegation of the preceding paragraphs as if fully set out herein and incorporate same by reference.

35.     On February 26, 2024, the relationship of employer and employee, or master and servant, existed between Plaintiff and Southern Precision Staffing, Inc.

36.     Southern Precision Staffing, Inc. is subject to the Alabama Workers' Compensation Act.

37.     On February 26, 2024, while working in the line and scope of his employment with Southern Precision suffered severe personal injuries after tripping over an electrical cord and falling down four stairs.

38.     Plaintiff's injuries arose out of and during the course of his employment.

39.     Southern Precision had actual knowledge of the work-related accident.

40.     Plaintiff avers that he has sustained permanent or partial disability of the body as a whole as a result of said accident

41.     Plaintiff avers that he has incurred doctor, medical bills, hospital bills, drug bills, and other bills as a proximate result of said accident

42.     Plaintiff further avers that he will require future medical treatment and medical services.

43.     Plaintiff avers that he was entitled to job benefits at the time of his injury which add to and supplement her hourly wage, and should be considered in arriving at the average weekly wage for workers' compensation purposes.

44.     Plaintiff seeks all benefits allowed by law for an employee injured while working in the line and scope of his employment.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands judgment against

8

Defendant Southern Precision Staffing, Inc.for the injuries, medical bills, and all benefits as the Plaintiff is entitled to receive under the Workers' Compensation Laws of the State of Alabama. Plaintiff further requests that the Court allow her to be represented by the law firm of Higgs & Emerson and that Attorney J. Zach Higgs, Jr. be ratified and confirmed as his attorney for the Workers' Compensation claim herein. Plaintiff prays for such other and further relief which the Court deems proper and just.

## COUNT II – BRASFIELD & GORRIE, LLC

45.    Plaintiff adopts each and every material allegation of the preceding paragraphs as if fully set out herein and incorporate same by reference.

46.    Defendant negligently and/or wantonly performed work during the construction of the new federal courthouse located at 660 Gallatin Street, SW, Huntsville, Alabama 35801. Defendant negligently and/or wantonly failed to exercise its duties as a general contractor in a reasonable manner during the construction project.

47.    Defendant negligently and/or wantonly failed to supervise Comfort Systems and other subcontractors during the duration of the renovation project.

48.    Defendant negligently and/or wantonly failed to ensure that common areas, including the stairwell(s) were free from defects.

49.    During the construction project, Defendant negligently and/or wantonly failed to ensure the premises was free from defects, hazards, and/or dangerous conditions.

50.    Defendant negligently and/or wantonly failed to provide a reasonably and safe premises for construction workers.

51.    Defendant did negligently and/or wantonly fail to maintain the premises in a

9

reasonably safe condition.

52.    Defendant did negligently and/or wantonly fail to warn construction workers of the presence of hazardous conditions, including the existence of an electrical distribution cord laying across the ground in the stairwell.

53.    Defendant negligently and/or wantonly failed to discover the hazardous condition or was otherwise negligent in creating, allowing to persist, failing to discover or failing to remedy a hazardous condition on the courthouse premises.

54.    As a proximate result of Defendant's negligence and/or wantonness, Plaintiff suffered severe injuries to his lower back, left hand, and left elbow; pain and suffering; permanent impairment; mental pain and anguish; lost wages; and the costs of medical care and treatment.

55.    Plaintiff claims damages arising out of the slip and fall accident which occurred on February 26, 2024, as set out heretofore against the Defendant.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, demands judgment against the Defendants and/or fictitious defendants, jointly and severally, for compensatory and punitive damages in an amount to be determined by a struck jury along with interests and costs.

## COUNT III – COMFORT SYSTEMS USA (MID SOUTH), INC.

56.    Plaintiff adopts each and every material allegation of the preceding paragraphs as if fully set out herein and incorporate same by reference.

57.    Defendant negligently and/or wantonly performed work during the construction of the new federal courthouse located at 660 Gallatin Street, SW, Huntsville, Alabama 35801.

58.    Defendant and its agents and/or employees negligently and/or wantonly created a dangerous condition on the premises by placing an electrical distribution cord across the ground in the stairwell of the new courthouse.

59.    Defendant negligently and/or wantonly failed to ensure that common areas, including the stairwell(s) were free from defects.

60.    During the construction project, Defendant negligently and/or wantonly failed to ensure the premises was free from defects, hazards, and/or dangerous conditions.

61.    Defendant negligently and/or wantonly failed to provide a reasonably and safe premises for construction workers.

62.    Defendant did negligently and/or wantonly fail to maintain the premises in a reasonably safe condition.

63.    Defendant did negligently and/or wantonly fail to warn construction workers of the presence of hazardous conditions, including the existence of an electrical distribution cord laying across the ground in the stairwell.

64.    Defendant negligently and/or wantonly failed to discover the hazardous condition or was otherwise negligent in creating, allowing to persist, failing to discover or failing to remedy a hazardous condition on the courthouse premises.

65.    As a proximate result of Defendant's negligence and/or wantonness, Plaintiff suffered severe injuries to his lower back, left hand, and left elbow; pain and suffering; permanent impairment; mental pain and anguish; lost wages; and the costs of medical care and treatment.

66.    Plaintiff claims damages arising out of the slip and fall accident which occurred on February 26, 2024, as set out heretofore against the Defendant.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, demands judgment against the Defendants and/or fictitious defendants, jointly and severally, for compensatory and punitive damages in an amount to be determined by a struck jury along with interests and costs.

11

## COUNT IV — FICTITIOUS PARTIES

67.    Plaintiff adopts each and every material allegation of the preceding paragraphs as if fully set out herein and incorporates the same by reference.

68.    Plaintiff alleges that the wrongful conduct of the fictitious party defendants combined and concurred with the wrongful conduct of the named defendants and as a proximate consequence thereof, plaintiff suffered injury as set out herein.  All foregoing counts and causes of action stated herein or contained in any subsequent amendment are hereby adopted and alleged against any fictitious party described in the caption and style of this or any Amended Complaint.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, demands judgment against the Defendant and/or fictitious defendants, jointly and severally, for compensatory and punitive damages in an amount to be determined by a struck jury along with interests and costs.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY ON COUNTS II-IV.**

Respectfully submitted,

/s/ J. Zach Higgs, Jr.
**J. Zach Higgs, Jr.**
Attorney for Plaintiff

**HIGGS & EMERSON**
405 Franklin Street
Huntsville, AL  35801
(256) 533-3251 (phone)
(256) 533-3265 (fax)
higgs@higgsandemerson.com

12

## CERTIFICATE OF SERVICE

I, the undersigned attorney, do hereby certify that I have on this the _____ day of February 2026, served a copy of the foregoing instrument on counsel of all parties to this proceeding via electronic filing and/or regular U.S. Mail.

Shawn Junkins Cole
HILL, HILL, CARTER, FRANCO,
COLE & BLACK, P.C.
P.O. Box 116
Montgomery, AL 36101-0116

**To be served via certified mail:**

Brasfield & Gorrie, LLC
c/o CT Corporation System
2 North Jackson Street
Suite 605
Montgomery, AL 36104

Comfort Systems USA (Mid South), Inc.
c/o Corporation Service Company Inc
641 South Lawrence Street
Montgomery, AL 36104

_____
OF COUNSEL

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2024 | SUMMONS<br>- CIVIL - | Court Case Number<br>47-CV-2025-900129.00 |
| --- | --- | --- |

### IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA COUNTY, ALABAMA
### GARRICK A GARDNER V. SOUTHERN PRECISION STAFFING C/O JAMES K GREGORY

**NOTICE TO:** BRASFIELD & GORRIE, LLC, 2 NORTH JACKSON STREET SUITE 605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), JOHN ZACHARIAH HIGGS JR.

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 405 FRANKLIN STREET, HUNTSVILLE, AL 35801

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of pursuant to the Alabama Rules of the Civil Procedure.

GARDNER GARRICK A
*[Name(s)]*

| 02/23/2026 | /s/ DEBRA KIZER | By: |
| --- | --- | --- |
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.

/s/ JOHN ZACHARIAH HIGGS JR.
*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

*Certified Mail*

☐ Return receipt of certified mail received in this office on _____

*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to _____ in _____ County, Alabama on _____

*(First and Last Name of Person Served)*        *(Name of County)*        *(Date)*

Document left:

☐ with above-named Defendant;

☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was returned- Not Found

☐ I certify that service of process of this Summons and the Complaint or other document was refused by _____ in _____ County, Alabama on _____ who is:

*(First and Last Name of Person Served)*        *(Name of County)*        *(Date)*

☐ the above-named Defendant;

☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

*(Type of Process Server)*        *(Server's Signature)*        *(Address of Server)*

*(Badge or Precinct Number of Sheriff or Constable)*        *(Server's Printed Name)*

**Service Return Copy**

*(Badge or Precinct Number of Sheriff or Constable)*        *(Telephone Number of Designated Process Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2024 | SUMMONS<br>- CIVIL - | Court Case Number<br>47-CV-2025-900129.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA COUNTY, ALABAMA
## GARRICK A GARDNER V. SOUTHERN PRECISION STAFFING C/O JAMES K GREGORY

**NOTICE TO:** BRASFIELD & GORRIE, LLC, 2 NORTH JACKSON STREET SUITE 605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), JOHN ZACHARIAH HIGGS JR.

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 405 FRANKLIN STREET, HUNTSVILLE, AL 35801

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of GARDNER GARRICK A
pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 02/23/2026 | /s/ DEBRA KIZER | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.    **/s/ JOHN ZACHARIAH HIGGS JR.**

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

*Certified Mail*

☐ Return receipt of certified mail received in this office on

*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to _____ in _____ County, Alabama on _____

*(First and Last Name of Person Served)*   *(Name of County)*   *(Date)*

Document left:

☐ with above-named Defendant;

☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was returned- Not Found

☐ I certify that service of process of this Summons and the Complaint or other document was refused by _____ in _____ County, Alabama on _____ who is:

*(First and Last Name of Person Served)*   *(Name of County)*   *(Date)*

☐ the above-named Defendant;

☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

| | |
|---|---|
| *(Type of Process Server)* | *(Server's Signature)*    *(Address of Server)* |
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Server's Printed Name)* |
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Telephone Number of Designated Process Server)* |



AlaFile E-Notice

47-CV-2025-900129.00

To:  BRASFIELD & GORRIE, LLC
     2 NORTH JACKSON STREET
     SUITE 605
     MONTGOMERY, AL, 36104

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

GARRICK A GARDNER V. SOUTHERN PRECISION STAFFING C/O JAMES K GREGORY
47-CV-2025-900129.00

The following complaint was FILED on 2/23/2026 2:17:16 PM

Notice Date:     2/23/2026 2:17:16 PM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
MADISON COUNTY, ALABAMA
HUNTSVILLE, AL, 35801

256-532-3390